09 CV 7024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

**ATHENA IVEY AND MARTIKA MCLEOD,**       09 CV     ( D C ) ECF Case
Individually and on behalf of those
Similarly Situated,
                        Plaintiffs,           **CLASS ACTION**
                                             **COMPLAINT**

        -against-

**B & H PHOTO AND VIDEO, INC.,**

                                       **JURY TRIAL DEMAND**
                   Defendant.

------------------------------------------------------x

         The Named Plaintiffs herein, Athena Ivey and Martika McLeod (the "Named Plaintiffs"), on behalf of themselves and all other Members of the Plaintiff Class, as hereinafter described, as and for their Complaint herein, by their attorneys, The Mauro Law Firm, LLP, hereby respectfully allege as follows:

## I.     JURISDICTION

         1.     This is a Class Action authorized by and instituted under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et. seq. ("Title VII"), the Equal Pay Act, 29 U.S.C. 206(d) ("EPA") and the New York City Human Rights Law ("HRL"). Jurisdiction as to the First and Second Causes of Action herein, arising under Title VII, is conferred upon this Court pursuant to Section 706 (f) of Title VII; Jurisdiction as to the Third and Fourth Causes of Action, arising under the HRL, is conferred upon this Court by and under the principles of Supplemental Jurisdiction. Jurisdiction as to the Fifth Cause of Action, arising under the EPA, is conferred upon this Court by 29 U.S.C. 216 (b).

1

2.  Venue is proper in this District under 28 U.S.C. 1391(b)(c) and 42 U.S.C. § 2000(e)-5(f) because many of the events giving rise to the claims herein occurred within this District, Named Plaintiffs are employed within this District and Defendant transacts business and is found in this District.

## II.  NATURE OF PROCEEDINGS

3.  The Named Plaintiffs, individually and on behalf of all other persons similarly situated, respectfully bring this class action proceeding against B & H Photo and Video, Inc. ("B & H" or "Defendant"), a domestic corporation, to seek redress from discrimination in the terms and conditions of their employment by the Defendant's maintaining of a "glass ceiling" on promotions and transfers, as well as a hostile work environment, on the basis of gender and sex, at its retail store location, 420 Ninth Avenue, New York, New York 10001 (the "Retail Store"), and elsewhere.

4.  In particular, the Named Plaintiffs, individually and collectively, seek, as relief, (a) back pay (b) past and future fringe benefits losses, (c) affirmative relief in the form of promotions and job transfers, (d) front pay, to the extent the said promotions and job transfers are not implemented or available, (e) compensatory damages for the deprecatory work environment fostered and maintained on the basis of gender and sex, (f) an injunctive relief prohibiting those policies, practices or customs which either adversely treat and/or have had an adverse impact on the Named Plaintiffs and Members of the Class which they seek to represent on the basis of their gender and sex, (g) counsel fees, (h) liquidated damages under 29 U.S.C 216 (b) and (i) for such other and further relief as may be necessary to secure to the Named Plaintiffs and to the Members of the Class which they seek to represent the right to be free of employment discrimination in

the workplace, including in promotions, pay and related terms and conditions of employment, on account of gender and sex.

### III. PARTIES

5. Defendant, B & H, is, upon information and belief, a domestic corporation with a retail store and other facilities located at, *inter alia*, 420 Ninth Avenue, New York, New York 10001; it engages in the retail selling and distributing, *inter alia*, of photo, audio, video and related equipment and products.

6. Named Plaintiff, Athena Ivey, is a female who currently resides in Queens, New York. Ms. Ivey has been employed by B & H since August 2006, and has held the positions of Cashier and Cashier Supervisor. Ms. Ivey has sought various promotions and salary increases at B & H but she has been repeatedly denied same, except for the promotion to Cashier Supervisor.

7. Named Plaintiff, Martika McLeod, is a female who currently resides in Queens, New York. Ms. McLeod has been employed by B & H since April 2007 as a Cashier. Ms. McLeod has sought various promotions and salary increases at B & H but she has been repeatedly denied same.

### IV. ADMINISTRATIVE PROCEDURES

8. All conditions precedent to the institution of this suit have been fulfilled with regard to the Plaintiffs' claims: On July 21, 2008, the Named Plaintiffs timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Said Charges alleged, *inter alia*, that B & H has engaged in a continuing series of unlawful employment acts and practices which have resulted in the continuing development and maintenance of a "glass ceiling" limiting job promotions, salary

increases and salaries of female employees on the basis of their gender and sex, and such that said acts and practices have caused the disparate adverse treatment of, and have caused a disparate adverse impact on the Named Plaintiffs and other female employees at B & H. Said Charges of Discrimination also alleged a hostile work environment on account of gender and sex at B & H. Copies of the Right to Sue Letters are annexed hereto as Exhibit A. This suit has been timely commenced in relation to the receipt thereof.

## V.   **NATURE OF THE CLASS**

9.   The Named Plaintiffs bring this Class Action on their own behalf and, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and/or (b)(3), on behalf of all other female persons presently or formerly employed by B & H in job titles and positions for which there now exists, has existed or will exist a reasonable expectation of a salary increase, promotion, advancement, or transfer but who have been adversely affected, by reason of B & H's discriminatory policies, practices or customs, as described herein, by being denied or prevented from applying for or obtaining said promotions, advancements, salary increases and transfers because of gender and sex (the "Class"). The Class which the Named Plaintiffs seek to represent also includes all other female persons presently or formerly employed by B & H who have been injured as a result of B & H's policies and procedures which have caused both the disparate treatment of and have had a disparate impact on its female employees.

10.   The Named Plaintiffs also bring this Class Action pursuant to 29 U.S.C. 216(d) on behalf of all similarly situated women who have been denied equal pay for equal work at B & H.

11. The policies and procedures fostered and maintained by B & H against its female employees have included, but are not limited to, the following:

A. Forcing female employees to eat in a separate, smaller and unclean dining location from the male employees;

B. Denying female employees adequate restroom facilities including making them use an "out house" area behind the retail store;

C. Allowing or condoning male employees, supervisors and managers to verbally belittle female employees; and

D. Allowing or condoning male employees, supervisors and managers to physically intimidate female employees;

E. Allowing or causing male employees with less seniority than female employees to be promoted or transferred to higher- paying positions;

F. Allowing or causing male employees with less seniority than female employees to be given salary raises while female employees were denied raises or were given smaller raises;

G. Allowing or causing male employees with little or no experience in a given Department, or with less experience than their female counterparts, to be given opportunities to train for and advance in that Department while female employees and counterparts are denied such opportunities;

H. Allowing or causing the micro-managing and unfair evaluating of female employees which is not done to male employees; and.

I. Paying female employees less compensation than their male counterparts for performing the same or equal work.

12. The foregoing acts and practices are emblematic of a culture at B & H which openly fosters and perpetuates the chauvinistic notion that female employees are, by genetics, biological make-up, training, experience, tradition or otherwise, necessarily limited, restricted or otherwise inferior to male employees in their abilities or capacities to perform, function, advance or to hold meaningful jobs in the workplace. This ingrained notion, although out of touch with contemporary values in our society, appears to have its genesis, promulgation and continuing perceived validity from the fact that the Senior Management of B & H is largely if not exclusively composed of Hassidic Jews. Further, many mid-level managers and supervisors at B & H are also Hassidic Jews and espouse the same views.

13. Based upon the foregoing the Class which the Named Plaintiffs seek to represent, and of which the Named Plaintiffs are themselves Members, is composed of and defined as follows:

"All females in the present or former employ of B & H in its Retail Store or elsewhere who have suffered, are continuing to suffer or will have suffered from being adversely affected by one or more of the unlawful employment acts and practices as set forth in Paragraph 11 of this Complaint."

14. There are at least three (3) Sub-Classes herein:

a. Sub-Class 1 consists of those female employees who are or were qualified for a promotion and/or transfer at B & H and who (A) have been denied same by reason of their gender or sex or (B) who have not applied for a promotion or transfer only because they have believed such an application would be futile in view of Defendant's gender-based policies and practices.

b. Sub-Class 2 consists of those female employees who are or were qualified for a salary increase and/or raise and who (A) have been denied same by reason of their

6

gender or sex or (B) who have not applied for a salary increase or raise only because they have believed such an application would be futile in view of Defendant's gender-based policies and practices.

    c. Sub-Class 3 consists of those female employees who have been paid less compensation for performing the same or similar work as their male counterparts.

    15. The Named Plaintiffs, in asserting their various claims herein under Title VII and under the HRL, both individually and on behalf of all other similarly situated persons, satisfy all the various requirements for prosecuting and maintaining such claims as a Class Action pursuant to Fed. R. Civ. P. 23(a), as follows:

    A. The Class is so numerous as to render joinder of all Members thereof impracticable. The Named Plaintiffs are unable to state at this time the exact size of the potential Class but, upon information and belief, aver that it exceeds 250 people.

    B. There are common questions of law and fact common to all Members of the Class and to the Named Plaintiffs which include but are not limited to:

    1) Whether B & H's common operating policies, procedures, acts and practices, including with regard to promotion and pay increases, have had a disparate adverse impact on female employees and whether this disparate impact is justified by any business necessity;

    2) Whether B & H's common operating policies, procedures and practices have resulted in the disparate adverse treatment of female employees;

    3) Whether B & H has engaged in a pattern and practice of intentional disparate treatment of its female employees in violation of Title VII and/or the HRL;

4) Whether the Plaintiffs and the Class are entitled to the relief prayed for in this Complaint.

C.  The claims of the Named Plaintiffs are typical of the claims of other Members of the Class in that each was personally victimized by B & H's various policies and practices in substantially the same way as each alleges that the other Members of the Class have been victimized;

D.  The Named Plaintiffs, themselves victims of B & H's various policies, practices and customs, will fairly and adequately protect and represent the interest of the Class insofar as they have both the time and resources to prosecute this Class Action and have retained counsel who has experience in similar class actions.

16.  Pursuant to Fed. R. Civ. P. 23(b)(2), B & H has acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, affirmative and/or declaratory relief with respect to the Class as a whole.

17.  Pursuant to Fed. R. Civ. P. 23(b)(3), there are also questions of law or fact common to the Members of the Class which predominate over questions affecting only individual Members so that this Class Action is superior to other available methods for the fair and efficient adjudication of this controversy.

18.  Pursuant to 29 U.S.C. 216(b), the claims of the Named Plaintiffs are similar to the claims of all other female employees at B & H who have been denied equal pay for performing the same or equal work

19.  Plaintiffs are not aware of any concerns that would militate against the maintenance of this action as a Class Action.

### VI.  STATEMENT OF THE INDIVIDUAL CLAIMS OF THE NAMED PLAINTIFFS

### 1. ATHENA IVEY

20. Since February 2006, Named Plaintiff, Athena Ivey, has been employed by B & H as, <u>inter alia</u>, a Cashier and a Cashier Supervisor. During the course of her employment with B & H, Ms. Ivey's work performance has been satisfactory.

21. Since the onset of her employment at B & H, there has never been a female Manager or a female Assistant Manager in any of its eight (8) Departments.

22. Since the onset of her employment at B & H, there has never been one female Salesperson, out of over five hundred (500) sales positions held by males.

23. In or about July 2007, the Manager of the Cashier Department left his position. Thereafter, the Store Assistant Manager, Joel Mermelstein, an Hassidic Jew, asked Ms. Ivey to assume the responsibilities of that position but only "until (he) can hire a man". In fact, Mr. Mermelstein announced to the other Cashiers, "Liva Lobel is leaving and Athena Ivey will be replacing him until we hire a man". Upon information and belief, Mr. Mermelstein used the word "man" purposefully so that no female employees would consider to seek or to apply for that position.

24. In or about September 2007, a male Manager was hired for the Cashier Department. Said male had little to no experience in the Department and, in fact, Ms. Ivey was asked by Mr. Mermelstein to train the new Manager.

25. In or about December 2007, Ms. Ivey asked Elli Daskal, the Store Manager, an Hassidic Jew, if she could be considered for the position of Assistant Manager of the Cashier Department. Ms. Ivey informed Mr. Daskal that, in practice, she had been acting as the Manager and/or Assistant Manager of the Cashier Department for the past several months and she was thus qualified. Mr. Daskal responded to Ms. Ivey's

request for a promotion that she could not have the job because "some people are not made managers". The implication of this repugnant comment was that Mr. Daskal's refusal was based on Ms. Ivey's biological traits rather than on her capabilities because Ms. Ivy clearly had the capabilities for the job.

26. From September 2007 through January 2008, Ms. Ivey had not received a raise although male employees with whom she worked and who were performing the same comparable or similar work had been given a raise after only six (6) months of employment.

27. Thereafter, in February 2008, Ms. Ivey again requested the promotion to Assistant Manager. She was denied that promotion. She thereafter requested a raise. Ms. Ivey was offered a small increase and the title "Q & A". However, in order to receive same, she was told she had to sign a release of all claims against B & H. Upon information and belief, B & H does not require its male employees to sign a release in order to receive either a raise or a promotion. Ms. Ivey thereafter declined the raise to avoid the signing of the release and was thereafter told by Mr. Daskal that if she did not sign the release, regardless of her getting the raise, she would be terminated.

28. Later in February 2008, Ms. Ivy had a meeting with Mr. Daskal wherein she again requested a promotion to the position of Assistant Manager of the Cashier Department. Mr. Daskal responded to her that she would never be a Manager.

29. During a significant portion of Ms. Ivey's employment, especially in the winter months, B & H did not provide a regular bathroom facility for its female employees. By contrast, the male employees have always had a large, clean bathroom

and changing area. Ms. Ivey was forced to use the "out house" area behind the Retail Store which was in an unsafe location and in an unsafe condition.

30.   Ms. Ivey was told by B & H management that she could not sit with or near male employees in the lunch room, and she should, in fact, not even seek to use that facility. A small unclean lunch room area was made available for the female employees while the male employees have continued to eat in a large clean lunch area.

### 2. MARTIKA MCLEOD

31.   Since April 2007, Named Plaintiff, Martika McLeod, has been employed by B & H as a Cashier. During the course of her employment with B & H, her work performance has been satisfactory.

32.   Ms. McLeod has never been promoted, although male employees with less tenure and experience than her have been promoted.

33.   Ms. McLeod, in over two years of employment, has been given only one raise in the amount of $1.78 per hour. However, male employees who have worked for B & H for less time, in the same or comparable positions both in salary and responsibility, have been given more frequent raises and/or larger raises.

34.   During the course of her employment with B & H, Ms. McLeod has requested a promotion to a position with more responsibility and has requested training to move into other Departments. Each such request has been denied. By contrast, male employees in the same or comparable positions have been both promoted and given training to enable them to move to better paying jobs or Departments.

### VII. <u>STATEMENT OF THE CLASS ACTION CLAIMS</u>

35. The above-described experiences of Ms. Ivey and Ms. McLeod are not atypical or unique. To the contrary, based upon information provided to them from both male and female co-workers in other Departments, the Named Plaintiffs respectfully aver that B & H has engaged and continues to engage in a series of similar unlawful employment practices at its Retail Store, all of which have resulted in the creation and maintenance of a "glass ceiling" and bias against female employees affecting their promotions, salaries, salary increases, transfers, job training and other terms and conditions of employment on the basis of gender and sex. Further, B & H has engaged and continues to engage in a series of unlawful employment practices at its Retail Store in the creation and condoning of policies and practices which have a disparate adverse impact on the work environment for the female employees. Further, B& H has fostered and condoned a deprecatory work environment for its female employees. Further, B & H has not paid its female employees compensation and pay equal to that paid to its male employees performing the same or similar work. Said acts and practices are more particularly set forth in Par. 11, *supra*.

36. The policies and practices enumerated in Par. 11, *supra*, have had, and continue to have, the effect of denying female employees at the Retail Store and elsewhere the opportunity of being trained, promoted, transferred or assigned to positions wherein they would, upon said promotion or transfer, obtain greater compensation, benefits, status and job responsibilities.

## VIII. EQUITY AND IRREPARABLE INJURY

37. The Named Plaintiffs and the Class they seek to represent have no plain or adequate remedy at law to redress the wrongs alleged herein and this suit is their only

means of securing adequate relief.   The Named Plaintiffs and the Class they seek to represent are now suffering and will continue to suffer irreparable injury from B & H's unlawful policies and practices as set forth herein unless it is enjoined by this Court.

## IX.  PLAINTIFFS' DAMAGES CLAIMS

38.    The unlawful employment acts and practices of B & H, as described herein, have resulted in substantial economic loss and damage to the Named Plaintiffs and to the Class which they seek to represent because they have, *inter alia*, been denied promotional opportunities, have lost advancement and the increased compensation and benefits associated therewith, and have been denied salary, salary raises and related benefits.

39.    B & H's discriminatory employment practices and the deprecatory work environment created thereby, as aforesaid, have also been degrading and offensive to the Plaintiff Class as a whole, causing Members of the Class to suffer emotional distress, mental anguish and injury.

## X.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

40.    The Named Plaintiffs repeat and reallege each and every allegation of Paragraphs 3 through 39 of the Complaint as if set forth fully herein.

41.    B & H's discriminatory transfer, assignment, training, promotional and salary/raises policies and practices as herein described, have violated Title VII causing the Plaintiff Class as a whole to lose and/or to have lost monetary and financial benefits associated therewith in such amounts as are to be determined at trial.

### SECOND CAUSE OF ACTION

42. The Named Plaintiffs repeat and reallege each and every allegation of Paragraphs 3 through 39 of the Complaint as if set forth fully herein.

43. B & H's creation and maintenance of a discriminatory and deprecatory work environment has violated Title VII, causing the Plaintiff Class as a whole to suffer psychological harm, mental anguish, pain and suffering for which it seeks compensatory damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

44. The Named Plaintiffs repeat and reallege each and every allegation of Paragraphs 3 through 39 of the Complaint as if set forth fully herein.

45. B & H's discriminatory transfer, assignment, training, promotional and salary/raises policies and practices as herein described, have violated the HRL causing the Plaintiff Class as a whole to lose and/or to have lost monetary and financial benefits associated therewith in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION

46. The Named Plaintiffs repeat and reallege each and every allegation of Paragraphs 3 through 39of the Complaint as if set forth fully herein.

47. B & H's creation and maintenance of a discriminatory and deprecatory work environment has violated the HRL, causing the Plaintiff Class as a whole to suffer psychological harm, mental anguish, pain and suffering for which it seeks compensatory damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

48. The Named Plaintiffs repeat and reallege each and every allegation of Paragraphs 3 through 39 of the Complaint as if set forth fully herein.

49. The failure of B & H to pay its female employees equal pay for the same or comparable work performed by their male counterparts was and is willful and violates the EPA.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, the Named Plaintiffs and the Class which they seek to represent respectfully request that this Court:

(a) Enter a declaratory judgment determining that B & H, by reasons of its acts, policies, practices and procedures, as complained of herein, has willfully violated and continues to violate the rights of the Plaintiffs and the Class they seek to represent, as secured by Title VII, the EPA and the HRL;

(b) Grant Plaintiffs and the Class which they seek to represent a permanent injunction enjoining B & H, its agents, successors, employees and other representatives, from engaging in or continuing to engage in any employment acts, policies, practices of procedures which may discriminate, in purpose and/or impact, against any employee or applicant for employment on the basis of such person's gender or sex;

(c) Grant the affirmative relief of promotion, assignment, reassignment, training, raise, job transfer or reinstatement to those Plaintiffs who are qualified for same and so elect;

(d) Following such reassignment, promotion, training, raises and transfer, grant the same opportunities as are available to male employees and provide for such other and affirmative relief as may be necessary to

redress the effects of B & H's past gender and sex discriminatory activities;

(e) Grant Plaintiffs and the Class which they seek to represent a series of individual money judgments against B & H for back pay, front pay, and lost fringe benefits and perquisites attributable to B & H's discriminatory practices for and in such amounts as shall be determined at trial;

(f) Award Plaintiffs and the Class which they seek to represent an allowance for their costs and disbursements incurred in the prosecution of this action, including their reasonable attorneys' fees under Title VII, the EPA and the HRL, together with interest;

(g) Award Plaintiffs and the Class they seek to represent such punitive damages as may be available against B & H under Title VII and the HRL and liquidated damages under the EPA;

(h) Retain jurisdiction over this action until B & H has fully complied with all Orders of this Court as may be issued herein and require B & H to file such periodic reports with this Court as may be necessary to supervise and evaluate such compliance; and

(i) Grant Plaintiffs and the Class they seek to represent such additional or other equitable and legal relief as the Court deems just and proper in the circumstance.

Dated:  Syosset, New York
        Aug 7, 2009

**The Mauro Law Firm**
Attorneys for Plaintiffs

_Eden Fitzgibbons Mauro_
Eden Fitzgibbons Mauro

16

(EF-5296)
33 Queens Street - Suite 103
Syosset, New York 11791
(516) 364-2606

Of Counsel: Leonard N. Flamm
(LF-9523)

## JURY DEMAND

Plaintiffs herein demand trial by jury as to all issues so triable.

Dated:  Syosset, New York
August 7, 2009

_____
Eden Fitzgibbons Mauro
(EF-5296)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Athena Ivey<br>101-06 32nd Avenue<br>East Elmhurst, NY 11369 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2008-04458 | Hazel C. Stewart, Supervisory Investigator | (212) 336-3776 |

NOTICE TO THE PERSON AGGRIEVED:                    (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
Director

May 8, 2009
(Date Mailed)

cc: B & H PHOTO AND VIDEO
Human Resources Director
420 Ninth Avenue
New York, NY 10001

Eden Fitsgibbons Mauro
33 Queens Stret, Suite 103
Syosset, NY 11791

EEOC Form 161-B (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Martika McLeod<br>31-22 102 Street<br>East Elmhurst, NY 11369 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2008-04380 | Hazel C. Stewart,<br>Supervisory Investigator | (212) 336-3776 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

May 8, 2009 *(Date Mailed)*

Enclosures(s)

cc:   B & H PHOTO AND VIDEO
Human Resources Director
420 Ninth Avenue
New York, NY 10001

Eden Fitzgibbons Mauro
33 Queens Street, Suite 103
Syosset, NY 11791